UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21612-CIV-KING

NANCY ANDREUS as Personal Representative
of the Estate of ARIEL CHARARAN,

      Plaintiff,

v.

LAN CARGO, S.A., a Foreign Profit Corporation,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Lan Cargo, S.A.'s February 5, 2009 Motion for Final Summary Judgment Based on Worker's Compensation Immunity (D.E. #28). Plaintiff responded on March 16, 2009 (D.E. #44).[1]

---

[1] Plaintiff's response to Defendant's Motion for Summary Judgment was initially due on February 23, 2009. On February 10, 2009, Plaintiff's counsel filed a Motion to Withdraw (D.E. #34). This Court granted Plaintiff's Motion to Withdraw on February 12, 2009, but required Plaintiff to obtain new counsel by March 1, 2009 (D.E. #37). In that Order, the Court stated, "Any incoming counsel should be aware of the pending Motions for Summary Judgment as well as the upcoming trial and pretrial dates set by this Court. Upon entering the case, incoming counsel shall immediately file an appearance of record and acceptance of responsibility with the Clerk of Court." (D.E. #37).
    On February 27, 2009, Saam Zangenah filed his Notice of Appearance as Plaintiff's counsel (D.E. #39). On March 4, 2009, the Court ordered the Plaintiff to respond to the Defendant's Motion for Summary Judgment within ten days (D.E. #42). On March 16, 2008, Plaintiff filed a Response to Defendant's Motion for Summary

1

# I. BACKGROUND

On April 9, 2008, Ariel Chararan ("Decedent") died as a result of falling off of a forklift while working at the Miami International Airport (Compl. ¶ 9). At the time of his death, Decedent was employed by Diamond Air Freight, Inc., (Diamond Air Freight Aff. ¶ 5); however, the Decedent was working on Defendant Lan Cargo, S.A.'s property pursuant to a cargo handling contract between Diamond Air Freight, Inc. and the Defendant. (Diamond Air Freight Aff. ¶¶ 6–7).

After Decedent's death, his wife, Nancy Andreus ("Plaintiff"), filed a Florida workers' compensation claim and began receiving benefits from Diamond Air Freight's insurance carrier (Diamond Air Freight Aff. ¶¶ 8–9). On May 2, 2008, Plaintiff, as the personal representative of the Decedent, filed a one-count negligence action against Defendant in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The case was removed to this Court on June 5, 2008 based on diversity jurisdiction (D.E. #1).

# II. STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to

---

Judgment Based on Worker's Compensation Immunity (D.E. #44).

find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

In determining whether to grant summary judgment, the district court must remember that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *id.*; however, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

## III. ANALYSIS

Florida's workers' compensation statute provides an employer with immunity from liability for events or injuries covered by workers' compensation. *See* Fla. Stat. § 440.11(1) (2008) ("the liability of an employer [provided by workers' compensation] shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . ."). In the above-styled case, Plaintiff does not dispute receiving the applicable benefits from Diamond Air Freight, Inc. under Florida's workers' compensation statute. Instead, Plaintiff argues that she is entitled to further compensation in tort from the Defendant because the Decedent's death was allegedly caused by Defendant's negligence. Defendant claims that, as result of its subcontracting cargo operations to Diamond Air Freight, Inc., Defendant became the statutory employer of Diamond Air Freight, Inc.'s employees under Florida's workers' compensation statute, and thus, is also immune from any additional liability.

Florida's workers' compensation statute extends immunity from suit to contractors in certain situations. Specifically,

> [i]n case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, <u>all of the employees of such contractor and subcontractor and subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment</u>, and the

> contractor shall be liable for, and shall secure, the payment of compensation to all such employees, <u>except to employees of a subcontractor who has secured such payment.</u>

Fla. Stat. § 440.10(1)(b) (2008) (emphasis added). In the above-styled case, Diamond Air Freight entered into a Standard Ground Handling Agreement ("Agreement") to provide employees and services to Defendant Lan Cargo, S.A. (D.E. #28, Ex. B). The Agreement provided that Diamond Air Freight would supply personnel and services to the Defendant for assistance in the Defendant's cargo handling operation. Further, the Agreement required Diamond Air Freight to have sufficient workers' compensation insurance (D.E. #28, Ex. B).

When the Defendant subcontracted its cargo handling services to Diamond Air Freight, Inc. under the Agreement, Defendant became the statutory employer of Diamond Air Freight, Inc.'s employees. *See, e.g., Lizarrga v. Am. Airlines, Inc.*, No. 99-0688-CIV, 2000 WL 35593213, at *2 (S.D. Fla. Sept. 21, 2000) (finding a commercial airline to be a statutory employer under Florida's workers' compensation statute when it subcontracted out its cargo handling work to a separate company); *Delta Airlines Inc. v. Cunningham*, 658 So. 2d 556, 557 (Fla. 3d DCA 1995) (holding that when a commercial airline contracted out its cleaning and service work, it became a statutory employer of the subcontracting company's employees under Florida workers' compensation laws). Once the Plaintiff secured workers' compensation payment for her husband's death through Diamond Air Freight, Inc.'s workers' compensation insurance provider, under Florida

law, the Defendant became immune from further liability.

Based on the foregoing, the Defendant has established an absence of genuine issue of material fact, thus shifting the burden to the Plaintiff to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In an attempt to meet this burden, Plaintiff does not question whether Defendant was Decedent's statutory employer under Florida's workers' compensation laws. Instead, Plaintiff's principal allegation is that the Defendant is not immune from further liability because, under the Florida's workers' compensation statute, an employer's immunity from suit is defeated when "an employer commits an intentional tort that causes the injury or death of the employee." Fla. Stat. § 440.11(1)(b) (2008).

Plaintiff argues that "Mr. Yusnyel Verde Vega [the operator of the forklift] did infact [sic] lift Mr. Ariel Chararan to a height of over 15 feet. That once Mr. Ariel Chararan was a height of 15 to 20 feet Mr. Vega jumped out of the forklift." (Resp. to Mot. Summ. J. ¶ 3). It is Plaintiff's contention that Mr. Vega's actions were "willful or wanton misconduct or gross negligence." (Resp. to Mot. Summ. J. ¶ 4). In support, the only evidence that Plaintiff attaches to her response is an affidavit from a safety coordinator with a local Transport Workers Union, who alleges that, based on the offense report, it appears that "Vega acted with willful or wanton disregard to Mr. Chararan's safety." (Hines Aff. ¶ 10).

The Plaintiff has failed to sufficiently allege that the Defendant committed an

intentional tort such that Defendant's immunity from liability as a statutory employer is defeated. The Florida workers' compensation statute provides that

> an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves <u>by clear and convincing evidence</u>, that . . . [t]he employer engaged in conduct <u>that the employer knew</u>, based on similar accidents or on explicit warnings specifically identifying a known danger, <u>was virtually certain to result in injury or death to the employee</u>, and the employee was not aware of the risk because the danger was not apparent <u>and the employer deliberately concealed or misrepresented the danger</u> so as to prevent the employee from exercising informed judgment about whether to perform work.

Fla. Stat. § 440.11(1)(b)(2) (2008). Plaintiff has not shown, or attempted to show, that the Defendant knew that its employee's actions in operating the forklift were "virtually certain to result in injury or death." Plaintiff never alleges that the Defendant "deliberately concealed or misrepresented the danger." Finally, by only providing an affidavit from an expert, i.e., a union safety coordinator that was uninvolved with Decedent's accident, the Plaintiff has failed to "go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.[2]

---

[2] The Court notes that, on March 16, 2009, the Plaintiff filed a Motion to Reopen Discovery asking the Court for an additional ninety days due to Plaintiff's counsel entering this case late in the litigation process (D.E. #43). The Court denied Plaintiff's Motion in light of the procedural background of this case. *See supra* note 1.
 The Court now notes on its own accord that the Plaintiff's case is not barred by the Florida statute of limitations. Under the applicable statute of limitations, the Plaintiff has four years from April 9, 2008, the date of the accident, to file any action founded on negligence. *See* Fla. Stat. § 95.11(1)(3)(a) (2008).

## IV. CONCLUSION

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Motion for Summary Judgment (**D.E. #28**) be, and the same is hereby, **GRANTED**.

2. The Final Pretrial Conference set for April 10, 2009, and the Jury Trial set for this Court's two-week trial calendar, commencing June 1, 2009 are hereby **CANCELLED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of April, 2009.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiff_**
**Saam Zangeneh**
Saam Zangeneh PA
2151 LeJenue Road
Mezzanine
Coral Gables, FL 33134

*__Counsel for Defendant__*
**John Michael Pennekamp**
Fowler White Burnett P.A.
1395 Brickell Avenue
14th Floor
Miami, FL 33131-3302

**Daniel B. Weiss**
Thornton Davis & Fein
80 SW 8th Street
Suite 2900
Miami, FL 33130